## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**MICHELE RENEE FITZGERALD, an unmarried woman**

    **Plaintiff,**

v.                                                     Case No: 5:15-cv-367-Oc-CEMPRL

**UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE, MARIE M. CHERRY, WENDY S. POAG, WAYNE S. SHOLDER, SR. , BARBARA A. SHOLDER, ANNE SHOLDER, BILLY DON CAUSEY, LAURA G. CAUSEY, REGIONS BANK, KENNETH HOEQUIST, EULA HOEQUIST, SUNTRUST BANK and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

    **Defendants.**

## ORDER

Before the Court are Plaintiff's motion to sever (Doc. 7) and Plaintiff's motion to extend the initial disclosure deadline (Doc. 31). Upon due consideration, both motions are DENIED AS MOOT.

First, Plaintiff stipulates that all of her claims, including the state law claims, should remain in this Court. (Doc. 31, ¶ 5). Thus, her motion to sever (Doc. 7) is due to be terminated.[1]

---

[1] In the Court's Order setting the telephonic hearing, the Court noted that the removal may have been improper under *Cummings v. United States*, 648 F.2d 289, 291 (5th Cir.1981) and the doctrine of derivative jurisdiction. (Doc. 27). During the last hearing (Doc. 32), however, Defendant Forest Service noted that 28 U.S.C. § 1441(f) ensures that removal was proper. 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have

Second, in the same motion that Plaintiff stipulates to the termination of her motion to sever, Plaintiff moves to extend a deadline that the parties filed in their case management report. (Doc. 31). The Court has not, however, adopted these deadlines in a case management scheduling order. Thus, her motion to extend the deadline (Doc. 31) is also due to be terminated.

Thus, the clerk is ORDERED to terminate the motion to sever (Doc. 7) and the motion to extend time (Doc. 31).

**DONE** and **ORDERED** in Ocala, Florida on November 13, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

jurisdiction over that claim."); *see Rodas v. Seidlin,* 656 F.3d 610, 616 (7th Cir. 2011) ("[T]he doctrine of derivative jurisdiction has been abrogated in the general removal statute, see 28 U.S.C. § 1441(f)."); *Palmer v. City Nat. Bank, of W. Virginia*, 498 F.3d 236, 239 (4th Cir. 2007) ("Derivative jurisdiction has been frequently criticized and Congress has eliminated the doctrine for cases removed under 28 U.S.C. § 1441, the general removal statute."). Indeed, Defendant Forest Service did remove this action under 28 U.S.C. § 1441. (Doc. 1, ¶ 3).