**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**MICHELE RENEE FITZGERALD, an unmarried woman**

    **Plaintiff,**

v.                                                                    Case No: 5:15-cv-367-Oc-CEMPRL

**UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE, MARIE M. CHERRY, WENDY S. POAG, WAYNE S. SHOLDER, SR., BARBARA A. SHOLDER, ANNE SHOLDER, BILLY DON CAUSEY, LAURA G. CAUSEY, REGIONS BANK, KENNETH HOEQUIST, EULA HOEQUIST, SUNTRUST BANK and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

    **Defendants.**

**ORDER**

Under Federal Rule of Civil Procedure Rule 55(a), Plaintiff Michele Fitzgerald requests entry of a Clerk's Default against Defendants Suntrust Bank ("Suntrust") and Mortgage Electronic Registration Systems, Inc. ("MERS"). (Doc. 59). On June 19, 2015, Plaintiff filed this action in the Fifth Judicial Circuit in and for Marion County. (Doc. 2). She listed as Defendants the United States Government Forest Service and several private persons and entities, including Defendants Suntrust and MERS. Her single-count complaint sought a statutory way of necessity against all defendants under Fla. Stat. § 704.01(2). (Doc. 2, pp. 4–7). On June 26, 2015, Suntrust

and MERS were properly served via their registered agent (Doc. 59, Ex. A1, A2). Fed. R. Civ. P. 4(h)(1)(A–B); Fla. Stat. § 48.081(3)(a).

On July 23, 2015, the Forest Service removed this action to this Court under the Quiet Title Act, 28 U.S.C. § 2409a. (Doc. 1). Plaintiff then filed an amended complaint where she added a second cause of action against the Forest Service under the Quiet Title Act, but she retained her original count under Fla. Stat. § 704.01(2) against, *inter alia*, Suntrust and MERS. *Compare* Doc. 2, ¶¶ 9–10 and pp. 4–7) *with* Doc. 46, ¶¶ 9–10 and pp. 8–9. In other words, the amended complaint does not assert a "new claim" against Suntrust and MERS; thus, no additional service was required as to Suntrust and MERS. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); *Poitevint v. Dynamic Recovery Servs., Inc.*, No. 3:10-CV-700-J-12TEM, 2011 WL 201493, at *2 (M.D. Fla. Jan. 20, 2011) ("Review of the record indicates that both defendants were properly served a summons and copy of the complaint and neither party has made an appearance. Since Defendant Dynamic was in default when the amended complaint was filed, Plaintiff was not required to serve the amended complaint upon it since it does not assert new claims against Defendant Dynamic."). To date, despite the original service, Suntrust and MERS have not appeared.

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See also* Local Rule 1.07(b) ("When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a) . . . ."). Accordingly, then, Plaintiff's

motion (Doc. 59) is **GRANTED**. The Clerk is directed to enter default against Defendants Suntrust Bank and Mortgage Electronic Registration Systems, Inc. The Clerk is also directed to mail a copy of this order, along with the clerk's default, to Defendant Suntrust Bank and Defendant Mortgage Electronic Registration Systems, Inc. via their registered service agent: Corporate Service Company, 1201 Hays St., Tallahassee, FL 32301.

**DONE** and **ORDERED** in Ocala, Florida on March 3, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties